

FILED & ENTERED

JUL 29 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Marine Wholesale & Warehouse Co.<br><br><br><br>Debtor(s). | Case No.: 2:22-bk-13785-BB<br><br>CHAPTER 11<br><br>**ORDER CORRECTING ERROR IN COURT'S JULY 28, 2025 ORDER [DOCKET NO. 386] AND ALLOWING CLAIM NO. 5-1 FILED BY UNITED STATES OF AMERICA AND ITS AGENCY THE ALCOHOL AND TOBACCO TAX AND TRADE BUREAU IN ITS ENTIRETY (PHASE V)**<br><br>Date:      July 29, 2025<br>Time:      10:30 AM<br>Courtroom: 1539 |

Phase V of the adjudication of the objection filed by debtor and debtor in possession Marine Wholesale & Warehouse Co. (the "Debtor") to Claim No. 5-1 filed by the United States of America and its Agency the Alcohol and Tobacco Tax and Trade Bureau (the "TTB") came on for hearing before the Honorable Sheri Bluebond on July 29, 2025 at 10:30 a.m. in Courtroom 1539 of the above-entitled Court and by Zoom for Government.  Appearances were as noted in the record at the time of hearing.

For the reasons set forth on the record at the time of July 29, 2025, hearing and other good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The language that appears on page 8 of this Court's Order Granting Summary Adjudication in Favor of the United States of America and its Agency the Alcohol and Tobacco Tax and Trade Bureau, on Phase IV of the Litigation of the Objection to Claim No. 5-1 [Docket No. 386] at lines 5 through 12 is hereby deleted and replaced with the following:

   *As set forth on the record, the Court further finds that it has already ruled on all defenses asserted by the Debtor in Docket No. 334—the pleading in which the Debtor was ordered to list all of its defenses in this proceeding—or the defenses are moot or not ripe, with the exception of the defense set forth at line 2 on page 11 of Docket No. 334 (the "Estoppel Defense"): whether the TTB consented to the operation of the Debtor's business without a permit and should therefore be estopped to collect taxes from the Debtor on tobacco products that would otherwise have been exempt from taxation if the Debtor had not lost its permit. With regard to the Estoppel Defense, the Court finds that this defense fails as a matter of law based on the undisputed fact that the only taxes that the TTB seeks to collect relate to the time period **before** the TTB learned of the change of control that the Debtor failed to report. Therefore, the TTB was unaware that the Debtor's permit had terminated by operation of law throughout the relevant time period and could not be said to have consented to the operation of the Debtor's business without a license.*

2. As the Debtor has not identified any problems or disputes that relate to the manner in which the TTB has calculated the dollar amount of its claim, and the Court has fully resolved all defenses that the Debtor has raised with

regard to the allowance of the TTB's claim, the Debtor's objection to Claim No. 5-1 is hereby **OVERRULED.**

3. Claim No. 5-1 is hereby allowed in the amount of $25,225.464.63.

**IT IS SO ORDERED.**

### #

Date: July 29, 2025

Sheri Bluebond
United States Bankruptcy Judge

-3-